UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|             Petitioner, | ) ) ) |
| V. | ) ) CIVIL ACTION NO. SA-19-CV-1320 |
| $7,009.00, MORE OR LESS, IN UNITED STATES CURRENCY, | ) ) ) ) |
|             Respondent. | ) ) |

**VERIFIED COMPLAINT FOR FORFEITURE**

Comes now Petitioner United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Fed. R. Civ. P., and respectfully states as follows:

**I.
NATURE OF THIS ACTION**

This action is brought by the United States of America seeking forfeiture to the United States of the following properties:

- **$7,009.00, More or Less, in United States Currency,**

hereinafter referred to as the "Respondent Currency."

**II.
JURISDICTION AND VENUE**

Under Title 28 U.S.C. § 1345, this Court has jurisdiction over an action commenced by the United States, and under Title 28 U.S.C. § 1355(a), jurisdiction over an action for forfeiture. This Court has *in rem* jurisdiction over the Respondent Currency under Title 28 U.S.C. §§ 1355(b)(6)

and 1395. Venue is proper in this district pursuant to Title 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to Title 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b) because the Respondent Currency is found in this district.

### III.
### STATUTORY BASIS FOR FORFEITURE

This is a civil forfeiture action *in rem* brought against the Respondent Currency for violations of Title 21 U.S.C. §§ 801, *et. seq.*, and subject to forfeiture to the United States of America pursuant to Title 21 U.S.C. § 881(a)(6), which states:

> **§ 881. Forfeitures**
> **(a) Subject property**
> The following shall be subject to forfeiture to the United States and no property right shall exist in them:
>
> \*\*\*
>
> **(6)** All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

### IV.
### FACTS IN SUPPORT OF VIOLATIONS

See Appendix "A" for facts.

### V.
### PRAYER

WHEREFORE, Petitioner, United States of America, prays that due process issue to enforce the forfeiture of the Respondent Currency, that due notice pursuant to Rule G(4) be given to all interested parties to appear and show cause why forfeiture should not be decreed,[1] and in

---

[1] Appendix A, which is being filed along with this complaint, will be sent to those known to the United States to have an interest in the Respondent Currency.

accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Fed. R. Civ. P., that the Respondent Currency be forfeited to the United States of America, that the Respondent Currency be disposed of in accordance with the law and for any such further relief as this Honorable Court deems just and proper.

Respectfully submitted,

JOHN F. BASH
United States Attorney

By: _____
FIDEL ESPARZA III
Assistant United States Attorney
Asset Forfeiture Section
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Tel: (210) 384-7040
Fax: (210) 384-7045
Email: Fidel.Esparza@usdoj.gov
State Bar No. 24073776

Attorneys for the United States of America

## **VERIFICATION**

Special Agent David Galvan, declares and says that:

1. I am a Special Agent with the Drug Enforcement Administration, assigned to the San Antonio District Office, and am the investigator responsible for the accuracy of the information provided in this litigation; and

2. I have read the above Verified Complaint for Forfeiture and know the contents thereof; that the information contained in the Verified Complaint for Forfeiture has been furnished by official government sources; and based on information and belief, the allegations contained in the Verified Complaint for Forfeiture are true.

Pursuant to Title 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the \_\_7th\_\_ day of November, 2019.

_____
David Galvan, Special Agent
Drug Enforcement Administration
San Antonio District Office

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| V. ) | CIVIL ACTION NO. SA-19-CV-1320 |
| ) | |
| $7,009.00, MORE OR LESS, IN UNITED ) | |
| STATES CURRENCY, ) | |
| ) | |
| Respondent. ) | |

### APPENDIX A, FACTS IN SUPPORT OF
### VERIFIED COMPLAINT FOR FORFEITURE

1. In 2019, Drug Enforcement Administration (DEA) agents were conducting a joint investigation with the Texas Department of Public Safety (TXDPS) and San Antonio Police Department (SAPD). The investigation is of a drug trafficking organization (DTO) that is believed to be a distributor of cocaine in and around the San Antonio, Texas area.

### INITIAL INVESTIGATION

2. On January 2, 2019, law enforcement officers from TXDPS and SAPD conducted surveillance based on information obtained from recorded conversations of individuals involved in the DTO. The conversation involved a Robert Tyronne Williams (hereinafter referred to as WILLIAMS) and a female, later identified as Brandie Reanne Nelson (hereinafter referred to as NELSON), discussing meeting for the purpose of conducting a drug transaction. Law enforcement officers arrived at the suspected meeting location and observed WILLIAMS meet with occupants, to include NELSON, of a blue Dodge Charger. The officers observed NELSON exit the Charger and get into William's vehicle. Moments later, NELSON exited the vehicle and returned to the Charger.

3. Once the vehicle departed, TXDPS Troopers conducted a traffic stop of the listed vehicle on Interstate 35 Frontage Rd., San Antonio, TX. During the traffic stop a TXDPS Trooper observed a large, clear bag containing a white powdery substance get thrown from the passenger side of the Charger. It was later determined that the bag contained 264 grams of cocaine. Both NELSON and Ossie Fields (hereinafter referred to as FIELDS) were arrested and booked on state charges for manufacture or delivery of controlled substance and tampering with physical evidence. The charges were later dropped in favor of federal prosecution via an indictment discussed in more detail *infra*.

## FEDERAL ARREST OF NELSON AND FIELDS

4. On May 15, 2019, an Indictment was returned by a federal grand jury in the Western District of Texas against both NELSON and FIELDS under cause number SA-19-CR-369-XR for Conspiracy to Possess with Intent to Distribute 500 grams or more or detectable quantity of methamphetamine, and 5 kilograms or more of cocaine. Thereafter, arrest warrants were obtained for both NELSON and FIELDS. On May 29, 2019, DEA, Task Force Officer (TFO) David Ricks and DEA Special Agent (SA) Mark Perry, assisted by SAPD, and executed an arrest warrant for both NELSON and FIELDS at a residence located on North Santa Rosa Street, San Antonio, TX. Upon entry of the residence, NELSON was found to be the sole occupant at the location, and was arrested without incident. During the entry, in plain view, a small clear plastic baggie of crack cocaine along with a Springfield Armory XD-40 .40 caliber Semi-auto Pistol, Serial Number: GM165001 was observed on the kitchen counter.

5. With the narcotics evidence that was observed, SAPD Officer Kris Newman obtained a State Search Warrant. SAPD Officer Kris Newman applied for and received a State of

Texas County of Bexar Search Warrant signed by Magistrate Carla Obledo on May 28, 2019. On May 29, 2019 the State Search Warrant was executed, during the search of the kitchen, a plastic baggie containing (4) four plastic baggies of crack cocaine and an undetermined amount of U.S. Currency. The currency was seized from the drawers. In the bedroom chest of drawers, more U.S. Currency, was discovered. From Nelson's purse, a plastic baggie containing marijuana and (3) three IPhones from the kitchen table were seized. No K-9 was utilized. A total amount of 158 grams of crack cocaine was found in the residence.

6. The Respondent Currency was determined to be in the amount of $7,009.00 and was seized for forfeiture.

7. A review of NELSON's reported wages determined that for 2017 she had $38.50 in wages reported. No other recorded wages for Nelson before 2017 or after 2017 were discovered.

8. On August 23, 2019, DEA received a timely administrative claim from NELSON for the Respondent Currency. As part of NELSON's interest for the Respondent Currency, NELSON stated in her claim to DEA that the Respondent Currency were proceeds obtained from the sale of her 2015 Chevrolet Cruze VIN# 1G1PG5SB9F7280337 to Stephen Jenkins. Furthermore, NELSON provided a bill of sale in the same of amount of the Respondent Currency dated on May 15, 2019 and with signatures from both NELSON and Stephen Jenkins. Upon a preliminary investigation of the claim submitted by NELSON, it was determined that NELSON renewed on the vehicle registration, for the 2015 Chevrolet Cruze, in August of 2019. This renewal took place 3 months *after* the alleged sale in NELSON's claim.

9. On October 25, 2019, DEA SA David Galvan, DEA SA Brian Schroeder and TFO Chris Martinez interviewed Stephen Rodriguez Jenkins (hereinafter referred to as JENKINS) regarding the alleged sale of a vehicle that JENKINS purchased from NELSON.

10. JENKINS stated that he and NELSON met when he moved to Texas and they are good friends. JENKINS stated that he purchased a 1999 red Chevrolet 4-door, from NELSON, in August of 2019. JENKINS stated that the red Chevrolet was the only vehicle that JENKINS has ever purchased from NELSON. JENKINS escorted agents to the parking lot to see the 1999 red Chevrolet 4-door. SA Galvan took photographs of JENKINS' Texas identification and the 1999 red Chevrolet 4-door. The 1999 red Chevrolet was bearing VIN: 3G1JF5245XS811272. JENKINS stated that NELSON was working on a bill of sale, payment requirements and getting the red 1999 Chevrolet registered in JENKINS name. At that time, JENKINS stated that he paid NELSON a total of $450.00.

11. For the above stated reasons and in consideration of the totality of the circumstances, the evidence demonstrates that: recorded conversations between NELSON and WILLIAMS establish NELSON's involvement in the sale of narcotics. During a traffic stop on January 2, 2019, NELSON was arrested for manufacture or delivery of controlled substance, after it was discovered that a bag containing cocaine was tossed from the passenger side of the vehicle. The state charges were subsequently dropped in favor of federal prosecution. On May 15, 2019, NELSON was indicted in cause number SA-19-CR-369-XR for Conspiracy to Possess with Intent to Distribute 500 grams or more or detectable quantity of methamphetamine, and 5 kilograms or more of cocaine. An arrest warrant was issued for NELSON and during the execution of the warrant a small amount of crack cocaine along with a firearm was found in plain view. That led law enforcement to obtain a state search

warrant for the residence. During the execution of the search warrant a total amount of 158 grams of crack cocaine was found in the residence. The Respondent Currency was also discovered and determined to be in the amount of $7,009.00. It was seized for forfeiture. NELSON, then filed an administrative claim for the Respondent Currency. In the claim NELSON claims that the Respondent Currency is from the sale of a 2015 Chevrolet Cruze VIN# 1G1PG5SB9F7280337 to Stephen Jenkins. Subsequent investigation established that the sale did not take place.

12. Therefore, the facts reasonably establish that the Respondent Currency represents proceeds from NELSON's illegal narcotic activities in violation of Title 21 U.S.C. § 801. *et. seq*. The Respondent Currency is thereby subject to civil forfeiture pursuant to Title 21 U.S.C. § 881 (a)(6).

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Petitioner,** | ) ) ) ) |
| V. | ) CIVIL ACTION NO. SA-19-CV-1320 |
| **$7,009.00, MORE OR LESS, IN UNITED STATES CURRENCY,** | ) ) ) ) |
| **Respondent.** | ) |

## NOTICE OF COMPLAINT FOR FORFEITURE

1. On November __8__, 2019, a Verified Complaint for Forfeiture *in rem* was filed in this Court by the United States Attorney for the Western District of Texas and Assistant United States Attorney Fidel Esparza III, against the properties described below, which are also specifically described in the Verified Complaint for Forfeiture, for violations of Title 21 U.S.C. §§ 801, *et. seq.*, and subject to forfeiture to the United States of America pursuant to Title 21 U.S.C. § 881(a)(6), namely:

- **$7,009.00, More or Less, in United States Currency,**

hereinafter referred to as the "Respondent Currency."

2. Pursuant to Supplemental Rule of Federal Civil Procedure G(4)(b), notice to any person who reasonably appears to be a potential claimant shall be by direct notice. Accompanying this notice is the Verified Complaint for Forfeiture which has been filed in this cause and which describes the Respondent Currency. Pursuant to Supplemental Rule G(4)(b), any person claiming an interest in the Respondent Currency who has received direct notice of this forfeiture action must file a Claim, in compliance with Rule G(5)(a), with the court within **thirty-**

**APPENDIX B**

five (35) days after the notice was sent, if delivered by mail (if mailed, the date sent is provided below), or within 35 days of the date of delivery, if notice was personally served. An Answer or motion under Rule 12 of the Federal Rules of Civil Procedure must then be filed within **twenty-one (21)** days of the Claim being filed.

The Claim and Answer must be filed with the Clerk of the Court, 655 E. Cesar E. Chavez Blvd., Room G65, San Antonio, Texas 78206, and copies of each must be served upon Assistant United States Attorney Fidel Esparza III, 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216, or default and forfeiture will be ordered. *See* Title 18 U.S.C. § 983(a)(4)(A) and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Failure to follow the requirements set forth above will result in a judgment by default taken against you for the relief demanded in the complaint.

**DATE NOTICE SENT:**_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Petitioner, ) <br> ) <br> V. ) <br> ) <br> $7,009.00, MORE OR LESS, IN UNITED ) <br> STATES CURRENCY, ) <br> ) <br> Respondent. ) | CIVIL ACTION NO. SA-19-CV-1320 |

## WARRANT FOR THE ARREST OF PROPERTY

**TO THE UNITED STATES MARSHALS SERVICE, OR ITS DESIGNATED AGENT, OR OTHER AUTHORIZED LAW ENFORCEMENT OFFICER OR ANY OTHER PERSON OR ORGANIZATION AUTHORIZED BY LAW TO ENFORCE THE WARRANT:**

WHEREAS a Verified Complaint for Forfeiture *in rem* was filed on November __8__, 2019, against the following properties:

- **$7,009.00, More or Less, in United States Currency**,

hereinafter referred to as the "Respondent Currency," alleging that the Respondent Currency is subject to forfeiture to the United States of America pursuant to Title 21 U.S.C. § 881(a)(6) for violations of Title 21 U.S.C. §§ 801, *et. seq.*; and

WHEREAS an Order has been entered by the United States District Court for the Western District of Texas that a Warrant for Arrest of Property be issued as prayed for by Petitioner United States of America.

YOU ARE THEREFORE COMMANDED to arrest and take actual or constructive possession of Respondent Currency as soon as practicable by serving a copy of this warrant on the custodian in whose possession, custody or control the Respondent Currency is presently found, and to use whatever means may be appropriate to protect and maintain the Respondent Currency

in your custody until further order of this Court, including designating a substitute custodian or representative for the purposes of maintaining the care and custody of the Respondent Currency and to make a return as provided by law.

      SIGNED this _____ day of _____, 2019.

                          JEANNETTE CLACK
                          United States District Clerk
                          Western District of Texas

                By: _____
                       Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| V. | ) CIVIL ACTION NO. SA-19-CV-1320 |
| | ) |
| $7,009.00, MORE OR LESS, IN UNITED STATES CURRENCY, | ) |
| | ) |
| Respondent. | ) |

### ORDER FOR WARRANT OF ARREST OF PROPERTY

WHEREAS a Verified Complaint for Forfeiture *in rem* was filed on November __8__, 2019, against the following property:

- **$7,009.00, More or Less, in United States Currency**; and

hereinafter collectively referred to as the "Respondent Currency," alleging that the Respondent Currency is subject to forfeiture to the United States of America pursuant to Title 21 U.S.C. § 881(a)(6) for violations of Title 21 U.S.C. §§ 801, *et. seq.*; IT IS THEREFORE

ORDERED that a Warrant for Arrest of Respondent Currency issue as prayed for, and that the United States Marshals Service or its designated agent for the Western District of Texas, or any other law enforcement officer, or any other person or organization authorized by law to enforce the warrant, be commanded to arrest the Respondent Currency and to take actual or constructive possession for safe custody as provided by Rule G, Supplemental Rules of Federal Rules of Civil Procedure until further order of the Court, and to use whatever means may be appropriate to protect and maintain the Respondent Currency while in custody, including designating a substitute custodian or representative for the purposes of maintaining the care and custody of the Respondent Currency and to make a return as provided by law.

SIGNED this _____ day of _____, 2019.

_____
UNITED STATES DISTRICT JUDGE

2

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
$7,009.00, More or Less, in United States Currency

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Bexar**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Fidel Esparza III, U.S. Attorney's Office
601 NW Loop 410, Suite 600, San Antonio, TX 78216
210-384-7040

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 21 U.S.C. § 881(a)(6)
Brief description of cause:
Forfeiture of Proceeds

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 11/06/19
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____